## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND MASONS LOCAL NO. 22 PENSION PLAN 3366 SUCCESSFUL WAY DAYTON, OH 45414 | * * * | CASE NO. 3:16-CV-491 |
| and | * | JUDGE: |
| TRUSTEES OF THE OHIO BRICKLAYERS HEALTH AND WELFARE FUND 205 W. FOURTH STREET, SUITE 225 CINCINNATI, OHIO 45202 | * * * | |
| and | * * | COMPLAINT |
| TRUSTEES OF THE OHIO BRICKLAYERS PENSION FUND 205 W. FOURTH STREET, SUITE 225 CINCINNATI, OHIO 45202 | * * | |
| Plaintiffs, | * | |
| v. | * | |
| MIAMI VALLEY MASONRY, INC. 2300 OME AVENUE DAYTON, OH 45414 | * * | |
| Defendant. | * | |

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014).  Jurisdiction over suits against an employer for failing to make required contributions to employee benefit funds is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.  This action also arises under Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a) (2014), giving jurisdiction to this

Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the cause of action described herein is currently being committed within the jurisdiction of the U.S. District Court, Southern District of Ohio, Western Division.

## PARTIES

3.      Plaintiff Trustees of the Bricklayers and Masons Local No. 22 Pension Plan (hereinafter "Pension Fund") are the Trustees of a Trust Fund created pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered pursuant to a Trust Agreement.  The Pension Fund is a multi-employer benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A)(3), 29 U.S.C. § 1002(2)(A)(3), and brings this action on behalf of the Trustees, participants and beneficiaries of said Fund.  The Pension Fund maintains its principal place of business at 3366 Successful Way, Dayton, OH 45414.

4.      Plaintiff Trustees of the Ohio Bricklayers Pension Fund (hereinafter "Ohio Pension Fund") are Trustees of a Trust Fund created pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered pursuant to a Trust Agreement.  The Ohio Pension Fund is a multi-employer benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A)(3), 29 U.S.C. § 1002(2)(A)(3), and brings this action on behalf of the Trustees, participants and beneficiaries of said Fund.  The Ohio Pension Fund maintains its principal place of business at 205 W. Fourth Street, Suite 225, Cincinnati, OH 45202.

5.      Plaintiff Trustees of the Ohio Bricklayers Health and Welfare Fund (hereinafter "Health Fund") are Trustees of a Trust Fund created pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered pursuant to a Trust Agreement.  The Health Fund is a multi-employer benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A)(3), 29 U.S.C. § 1002(2)(A)(3), and brings this action on behalf of the Trustees, participants and beneficiaries of said

Fund.  The Health Fund maintains its principal place of business at 205 W. Fourth Street, Suite 225, Cincinnati, OH 45202.

6.      The Defendant, Miami Valley Masonry, Inc. (hereinafter "Miami Valley") is a corporation licensed to do business in the State of Ohio with its principal place of business located at 2300 Ome Avenue in Dayton, Ohio.  At all material times herein, Defendant Miami Valley is and has been an employer as defined in Section 2(2) of the LMRA, as amended, 29 U.S.C. § 152(2), and is engaged in interstate commerce as defined in Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).  Defendant Miami Valley employs and has employed persons represented for the purposes of collective bargaining.

## STATEMENT OF CLAIM

### COUNT I
(ERISA Section 515 – Failure to Pay Contributions)

7.      Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

8.      For all times relevant herein, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") (**Exhibit A**).

9.      The CBA incorporates the Funds' Trust Agreements (**Exhibit B**) and all documents related to the Agreement.  The Trust Agreements grant authority to Plaintiffs to create a collection policy (Exhibit B, Section 2.2).

10.     The Collection Policy of the Funds (**Exhibit C**) requires Defendant to submit all monthly reports and contributions before the 22nd day of the month following the month in which work was performed.  In the event that contributions are not made by the 22nd day of the month, they are considered delinquent and are subject to liquidated damages (Exhibit C, Section C).

11.     For the months of August 2014, and January 2016 through October 2016, Defendant has failed to submit the required monthly contributions to the Pension Funds.

12.     For the months of June 2016 through October 2016, Defendant has failed to submit the required monthly contributions to the Health Fund.

3

13.     For their June 2016 Contributions to the Health Fund, Defendant owes $11,637.50.

14.     For their July 2016 contributions to the Health Fund, Defendant owes $11,994.50.

15.     Per the terms of the CBA, as well as the Collection Policy, the amounts owed for contributions are immediately due, as well as interest and liquidated damages on said contributions.

16.     Defendant's failure to forward contributions, interest, liquidated damages and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

17.     At present, Defendant has failed to submit all of the required monthly reports, therefore Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records, or in the alternative, an Order requiring Defendant to submit the required reports, to allow Plaintiffs to determine the amounts owed.

## COUNT II
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Contributions)

18.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

19.     For all times relevant herein, Defendant was a party to and agreed to abide by the terms of a CBA (See **Exhibit A**).

20.     The CBA incorporates the Funds' Trust Agreements (**Exhibit B**) and all documents related to the Agreement.  The Trust Agreements grant authority to Plaintiffs to create a collection policy (Exhibit B, Section 2.2).

21.     The Collection Policy of the Funds (**Exhibit C**) requires Defendant to submit all monthly reports and contributions before the 22nd day of the month following the month in which work was performed.  In the event that contributions are not made by the 22nd day of the month, they are considered delinquent and are subject to liquidated damages (Exhibit C, Section C).

22.     For the months of August 2014, and January 2016 through October 2016, Defendant has failed to submit the required monthly contributions to the Pension Funds.

23.     For the months of June 2016 through October 2016, Defendant has failed to submit the required monthly contributions to the Health Fund.

24.     For their June 2016 Contributions to the Health Fund, Defendant owes $11,637.50.

25.     For their July 2016 contributions to the Health Fund, Defendant owes $11,994.50.

26.     Defendant's failure to forward contributions, interest, liquidated damages and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

27.     At present, Defendant has failed to submit all of the required monthly reports, therefore Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records, or in the alternative, an Order requiring Defendant to submit the required reports, to allow Plaintiffs to determine the amounts owed

## COUNT III
(ERISA Section 515- Failure to Pay Liquidated Damages)

28.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

29.     For all times relevant herein, Defendant was a party to and agreed to abide by the terms of a CBA (**Exhibit A**).

30.     The CBA incorporates the Funds' Trust Agreements (**Exhibit B**) and all documents related to the Agreements.  The Trust Agreements grant authority to Plaintiffs to create a collection policy (Exhibit B, Section 2.2).

31.     The Collection Policy states that liquidated damages shall be assessed for any delinquent contributions (**Exhibit C**).  The Collection Policy requires Defendant to make all monthly reports and contributions before the 22nd day of the month following the month in which work was performed.  In the event contributions are not made by the 22nd day of the month, they are considered delinquent and are subject to liquidated damage and interest charges (Exhibit C, Section C).

32.     For the periods of April 2009, August 2009, October 2009 through April 2010, July 2010, October 2011, December 2011, June 2012, July 2012, April 2013 through December 2013,

5

January 2014 through July 2014, September 2014 through December 2015,  Defendant failed to timely

pay contributions.  As a result, Defendant incurred $19,825.02 in liquidated damages.

33.    Defendant is also liable to Plaintiffs for the liquidated damages on the delinquent

contributions from January 2016 through October 2016.  As the required monthly reports have not been

submitted for all of these months, Plaintiffs are unable to determine the exact amounts owed for

liquidated damages from this period.

34.    Despite repeated demand to do so, Defendant has failed and otherwise neglected to make

payment to the Plaintiff.

35.    Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiff seeks to

remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**COUNT IV**
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages)

36.    Plaintiffs reallege each averment set forth as if fully rewritten herein.

37.    For all times relevant herein, Defendant was a party to and agreed to abide by the terms

of a CBA (**Exhibit A**).

38.    The CBA incorporates the Funds' Trust Agreements (**Exhibit B**) and all documents

related to the Agreement.  The Trust Agreements grant authority to Plaintiff to create a Collection

Policy (Exhibit B, Section 2.2).

39.    The Collection Policy states that liquidated damages shall be assessed for any delinquent

contributions (**Exhibit C**). The Collection Policy requires Defendant to make all monthly reports and

contributions before the 22nd day of the month following the month in which work was performed.  In

the event contributions are not made by the 22nd day of the month, they are considered delinquent and

are subject to liquidated damage and interest charges (Exhibit C, Section C).

40.    For the periods of April 2009, August 2009, October 2009 through April 2010, July

2010, October 2011, December 2011, June 2012, July 2012, April 2013 through December 2013,

January 2014 through July 2014, September 2014 through December 2015,  Defendant failed to timely pay contributions.  As a result, Defendant incurred $19,825.02 in liquidated damages.

41.     Defendant is also liable to Plaintiffs for the liquidated damages on the delinquent contributions from January 2016 through October 2016.  As the required monthly reports have not been submitted for all of these months, Plaintiffs are unable to determine the exact amounts owed for liquidated damages from this period.

42.     Despite repeated demand to do so, Defendant has failed and otherwise neglected to make payment to the Plaintiffs.

43.     Defendant's actions are in breach of LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief:

A.     An Order requiring Defendant to immediately submit all past due contribution reports, or in the alternative, for Defendant to be Ordered to fully comply with a payroll audit of their books and records;

B.     Judgment on behalf of Plaintiffs against Defendant Miami Valley for delinquent and unpaid contributions owed by Defendant to Plaintiffs, and for future dues, deductions and fringe benefits that may accrue while this action is pending;

C.     Judgment on behalf of Plaintiff Health Fund for the $23,632.00 owed in contributions for the months of June and July 2016;

D.     Judgment on behalf of Plaintiffs against Defendant Miami Valley for all unpaid fringe benefit contributions, as determined from Defendant's monthly reports, or as determined by a payroll audit;

E.     Judgment on behalf of Plaintiffs against Defendant Miami Valley for the liquidated damages in the amount of $19,825.02 that have accrued, as well as liquidated damages that have accrued for the moths in which Defendant has failed to submit the required reports;

F.      Judgment on behalf of Plaintiffs against Defendant Miami Valley for accumulated interest on the late or unpaid contributions, from their respective due dates of such contributions and an additional amount of ten percent (10%) of the unpaid contributions, plus actual attorney's fees, costs of this action and such amounts that may become due and owing during the pendency of these proceedings;

G.      A preliminary and permanent injunction against Defendant Miami Valley mandatorily requiring the Defendant to make all payments to the Fund in compliance with its contractual agreements;

H.      That this Court retain jurisdiction over this cause pending compliance with all Orders;

I.      An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreement and 29 U.S.C. § 1132(g)(2)(D);

J.      An award of the costs of the audit incurred by the Plaintiffs as provided for by the terms of the collective bargaining agreement; and

K.      Any other legal or equitable relief which the Court deems just.

Respectfully submitted,

**LEDBETTER PARISI LLC**

/s/ Stephen P. Nevius
Stephen P. Nevius (0092598)
9240 Marketplace Drive
Miamisburg, OH  45342
(937) 619-0900
(937) 619-0999 (fax)
snevius@fringebenefitlaw.com
*Counsel for Plaintiffs*

8